(29 Misc. Rep. 234.)

PEOPLE ex rel. FELLOWS v. DYKMAN et al.

(Supreme Court, Special Term, New York County. October, 1899.)

MUNICIPAL CIVIL SERVICE COMMISSION—CERTIFICATE—MANDAMUS.

Under Laws 1899, c. 370, which requires that the municipal civil service commission shall certify to the legality of the appointment of an employé, whether appointed before or after the passage of the act, and which prescribes the form of the certificate in each case, and provides that such certificate shall recite that the appointment was made in pursuance of the rules made in pursuance of law, a municipal employé appointed prior to the passage of the act, under rules then in force, is entitled to the issuance of a certificate to him reciting that he has been "employed in pursuance of law and of the rules made in pursuance of law."

Application for writ of mandamus brought in the name of the people, on the relation of John R. Fellows, Jr., against William N. Dykman and others, constituting the municipal civil service commission of the city of New York, to compel the respondents to issue to relator a certificate. Application granted.

John C. Shaw, for relator.
Charles Blandy and John Whalen, Corp. Counsel, for respondents.

GIEGERICH, J. It would appear that section 19 of the civil service law of 1899 (Laws 1899, c. 370) requires, in the case of an employé of a city, the certificate of the municipal civil service commission therein as to the legality of the appointment, in every case, whether it was made before or after the formulation of rules under that act. The form of the certificate, however, is to be the same in each case. Therefore the words, "in pursuance  *   *   *  of the rules made in pursuance of law," as required in the certificate, can be intended to have application only to such rules as may have been in existence when the particular appointment was made, and are not confined to the rules adopted under the act of 1899. This motion is not opposed upon the ground that the applicant's original appointment was in any way irregular, and the mere fact that he was not appointed under the rules of 1899 does not justify the commissioners in their refusal to certify that the applicant has been "employed in pursuance of law and of the rules made in pursuance of law." Accordingly the applicant is, I think, entitled to a peremptory writ of mandamus requiring the respondents to give a certificate in conformity with the provisions of the act first above cited.

Application granted.